UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KYLA KINSLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00480-JPH-MKK |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Kyla Kinslow filed a writ of habeas corpus challenging a prison disciplinary proceeding identified as RTC 22-01-0054, under 28 U.S.C. § 2254. Dkt. 1. The respondent now moves to dismiss the petition as moot, dkt. [12], because the time for imposing a suspended sanction under Indiana law has run and the loss of good time credits may no longer be imposed. *See* dkt. 12-7 at 4, 7 (petitioner's Offender Information System summary). Ms. Kinslow has not responded, and the time to do so has passed. As discussed below, the motion to dismiss is **GRANTED,** and the action is **DISMISSED**.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general

a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted).

On January 26, 2022, Ms. Kinslow was found guilty of violating the Indiana Department of Correction (IDOC) Adult Disciplinary Code B-236, for disorderly conduct. Dkt. 12-3. Her sanctions included a deprivation of 30-days' earned credit time, which was suspended,[1] 15 days of time served in administrative segregation, and a period of phone restriction. *Id.*

Ms. Kinslow's sanctions of time served in administrative segregation and restricted phone privileges did not impact the length of her custody, and thus, cannot be a basis for habeas relief. Ms. Kinslow's suspended loss of 30-days' earned credit time is the only sanction at issue. However, after six months, suspended sanctions can no longer be imposed. Dkt. 12-6 at 39 ("The length of time that an offender may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction."). Therefore, because the sanction was not imposed within this time frame, Ms. Kinslow's habeas action is moot, and it must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

For the reasons set forth above, the respondent's unopposed motion to dismiss, dkt. [12], is **GRANTED**, and **this action is DISMISSED for lack of jurisdiction**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/16/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] In her petition, Ms. Kinslow acknowledged that her deprivation of 30 days' earned credit time was suspended but not enforced. *See* dkt. 1 at 1.

Distribution:

KYLA KINSLOW
272589
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Erica Sue Sullivan
INDIANA ATTORNEY GENERAL
erica.sullivan@atg.in.gov